KAREN L. LOEFFLER
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U. S. Courthouse
101 12th Avenue, # 310
Fairbanks, Alaska   99701
Tel: (907) 456-0245
Fax: (907) 456-0577
E-mail: Stephen.Cooper@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 4:15-cr-00027-RRB |
| Plaintiff, | ) |
| v. | ) **PLEA AGREEMENT** |
| BRANDON RAY SMITH, | ) |
| Defendant. | ) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States.   This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

1. The defendant agrees to plead guilty to count 1 of the Indictment in this case (Unlawfully making a destructive device, in violation of 26 U.S.C. § 5861(f) and § 5871). The United States will dismiss count 2 (Possession of unregistered destructive device, in violation of 26 U.S.C. § 5861(d) and § 5871) upon entry of Judgment in accordance with the terms of this Agreement. Defendant will admit the facts underlying both counts, which will be taken into consideration in sentencing.

2. Both parties agree that the United States will recommend the low end of such guideline range as the Court finds applicable and defendant will recommend the low end of the next offense level below the applicable offense level. Beyond this, the parties have no agreement regarding sentencing or sentencing recommendations, except that: subject to the conditions in section III B 1 below, if defendant qualifies

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

and continues to qualify for acceptance of responsibility, the United States will agree to the three-level reduction for acceptance of responsibility.

3. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea on grounds not now known or knowable by due diligence.

**B.  Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations.

**C.  Waiver of Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other

party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

1. The defendant agrees to plead guilty to the following count of the Indictment:

Count 1: Unlawfully making a destructive device, in violation of 26 U.S.C. § 5861(f) and § 5871.

### B. Elements

The elements of the charges to which the defendant is pleading guilty are as follows:

Count 1:

1) the defendant made a destructive device that qualified as an explosive bomb within the meaning of 26 U.S.C. § 5845(f);

2) the defendant knew at the time he made it that the device was designed as a weapon having the characteristics of an explosive bomb;

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

4

3) the making of the destructive device was in fact prohibited by 26 U.S.C. § 5822 because defendant had not first filed the sufficiently completed application, obtained the approval or paid the tax required by that section.

## C. Factual Basis

In the early morning hours of February 28, 2014, defendant possessed a destructive device he had constructed. He intended it to function as an explosive bomb, and it was in fact capable of so functioning. It contained a 12-gram steel CO2 cylinder refilled with smokeless gunpowder inserted into a larger explosive charge made up of sodium nitrate and aluminum in a two-quart plastic jug. A length of pyrotechnic fuse was inserted through the neck of the CO2 cylinder bomb and into the explosive powder confined therein as a means of ignition.

Expert laboratory analysis has determined that lighting the fuse would, after a short delay, ignite the confined gunpowder causing the device to explode and in turn causing the larger charge of sodium nitrate and aluminum mixture to explode. The explosion would produce blast,

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

thermal and fragmentation effects capable of causing property damage, injury and/or death to persons near the explosion. These features show that the device was designed as a weapon and would properly be identified as an improvised explosive bomb, as defined in 26 U.S.C. §5845(f). The device was also not registered to defendant in the National Firearms Registration and Transfer Record as required by law.

Defendant's movements in the early morning of February 2014 were recorded by a surveillance video camera on nearby private property as defendant placed the bomb in the driveway of a parking lot at Monroe Catholic School in Fairbanks. Defendant lighted the device and walked away from it. The lit fuse was seen to glow momentarily within the clear plastic jug containing the explosives, but it misfired and did not go off. Defendant left the area, leaving the device where he had placed it. It was discovered that morning by the school janitor, and was retrieved and disarmed by the police.

Laboratory analysis identified two fingerprints of defendant on adhesive tape on component parts inside the destructive device. When

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

contacted defendant admitted he constructed the bomb using a CO2 cartridge, smokeless gunpowder, a wick, a bottle wrapped with electrical tape, all within a larger plastic jug containing chemicals. He admitted placing the bomb in a driveway that he thought was at a church, not knowing it was also a school. He said he left it there after it misfired because he did not want to pick it up and have it go off in his hands.

**D. Statutory Penalties and Other Matters Affecting Sentence**

1. **Statutory Penalties**

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts which the defendant will admit in support of the guilty plea, are as follows:

<u>Count 1</u> – Unlawfully making a destructive device, in violation of 26 U.S.C. § 5861(f) and § 5871:

    1) imprisonment for a maximum of 10 years;

    2) a maximum $250,000 fine;

    3) a $100 mandatory special assessment; and

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

4) a maximum of 3 years on supervised release.

2. **Other Matters Affecting Sentence**

   a. **Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

   b. **Payment of Special Assessment**

The defendant agrees to pay the entire special assessment in this

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

8

case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, Alaska 99513-7564.

    c.    **Consequences of Felony Conviction**

Any person convicted of a federal felony offense may lose or be denied federal benefits, including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

**E.**    **Forfeiture**

There is no agreement regarding forfeiture in this case.

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

F.  Restitution

There is no agreement regarding restitution in this case.

III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

A.  Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory, and the Court is not bound to impose a sentence recommended by the U.S.S.G.

B.  Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

1.  **Acceptance of responsibility**

Subject to the defendant satisfying the criteria set out in U.S.S.G.

§ 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

## C. Sentencing Recommendations and Agreement

The United States Probation Office will prepare the defendant's pre-sentence report, in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of, or in opposition to, the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. Subject to the Terms of Agreement

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

stated in section IA above, the parties are free to recommend to the Court their respective positions on the appropriate sentencing factors and elements of the sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- -- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- -- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross-examine witnesses against the defendant, and the right to subpoena

witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

-- The right to contest the validity of any searches conducted on the defendant's property or person.

### B. Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of a guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

C.  **Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

V.  **ADDITIONAL AGREEMENTS BY UNITED STATES**

In exchange for the defendant's guilty plea and on condition of the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will dismiss Count 2 after imposition of sentence under the agreed terms and will not prosecute the defendant further for any other offense – now known – arising out of the

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

subject of the investigation related to the charges brought in the indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated, as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Brandon Ray Smith, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

that the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offenses and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Indictment.

DATED: 5-27-16      *Brandon Smith*
　　　　　　　　　　　BRANDON RAY SMITH
　　　　　　　　　　　Defendant

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB

As counsel for the defendant, I have discussed all plea offers and the terms of this plea agreement with the defendant and have fully explained the charge to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 5/27/2016

M. J. HADEN
Attorney for Brandon Ray Smith

On behalf of the United States, the following accept Brandon Ray Smith's offer to plead guilty under the terms of this plea agreement.

DATED: 6/1/16

STEPHEN COOPER
Assistant United States Attorney

DATED: 6/1/16

KAREN L. LOEFFLER
United States Attorney

U. S. v. Brandon Ray Smith
4:15-cr-27-RRB